Tshaka ZEKELKEYZULA, Appellant,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.

No. 9088.

United States Court of Appeals
Tenth Circuit.

March 1, 1967.

1. Record, pp. 291–98.

se application for a writ of habeas corpus. The petition alleges, among other things, that appellant, a state prisoner, entered a plea of guilty while under the coercion of threats and false promises. He specifically alleges that he was advised by his court-appointed attorney "that unless he entered a plea of guilty to one of the alleged offenses he would be convicted upon all counts of the information and given the maximum sentence upon each count to run consecutively." He further alleges that he subjectively believed a "deal" had been made with the state district attorney, that his belief was bolstered by his release on unusually low bail, and that during his period of freedom he was advised that unless he ceased voicing complaints against the Denver police department "the District Attorney would forget the deal that had been arranged." Such "deal" was alleged to include the granting of probation. The trial court, noting that the petition did not allege the actual existence of a "deal" nor evidentiary facts that sufficiently established a logical and reasonable conclusion that a deal had been made, dismissed the application as insufficient in law.

We think the trial court erred in not granting an evidentiary hearing. The voluntary nature of a plea under these circumstances cannot be determined as a matter of law or as a matter of fact by a consideration only of whether a "deal" actually existed. If appellant was subjectively led to believe that such a deal existed he may have been unlawfully induced to enter a plea of guilty. We consider the allegations of his petition, liberally construed, to be sufficient to indicate the right to a factual determination upon the issue.

The state, having had no opportunity to appear in this action until these appellate proceedings, urges that the petition should be dismissed because appellant has not exhausted his state remedies. This contention must be presented at the trial level.

The case is remanded for further proceedings.

Morris B. Hecox, Jr., Denver, Colo., for appellant.

Robert C. Miller, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

Appeal is taken from an order of the District Court for the District of Colorado summarily denying petitioner's pro