**Rex Eugene PARSON, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71-2358

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 27, 1972.

Rex Eugene Parson, pro se.

Crawford C. Martin, Atty. Gen., Austin, Tex., Charles R. Parrett, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Guy C. Fisher, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Rex Eugene Parson, a prisoner of the State of Texas, has appealed from the district court's dismissal without prejudice of his petition for habeas corpus. We affirm the ruling below.

The appellant is attacking his conviction for possession of marihuana upon trial by jury in Criminal District Court No. 5 of Dallas County, Texas. He was sentenced on April 21, 1967 to serve 50 years as set by the jury. The judgment was affirmed on direct appeal. Parson v. State, Tex.Cr.App.1968, 432 S.W.2d 89.

The appellant exhausted his state remedies on four of his habeas contentions on the direct appeal. He exhausted his state remedies on his allegation that he was denied effective assistance of counsel at trial by filing a petition for habeas corpus in the sentencing court, under the provisions of Art. 11.07, Vernon's Ann.Tex.C.Cr.P. Subsequently the Texas Court of Criminal Appeals, in an unpublished order, denied relief on the basis of the recommendations of the sentencing court.

The record shows that Parson has failed to exhaust his available state remedy under Article 11.07 with respect to his federal habeas contention of ineffective assistance of counsel on appeal. Because of this, the district court did not err in dismissing Parson's petition without prejudice. Jackson v. Wainwright, 5th Cir. 1971, 450 F.2d 289; Garrett v.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**250**

Texas, 5th Cir. 1970, 435 F.2d 709; Wheeler v. Beto, 5th Cir. 1969, 407 F.2d 816.

The district court stated as a reason for dismissing the petition without prejudice that Parson had made merely conclusory allegations of denial of effective assistance of counsel at trial and on appeal. It usually would be more appropriate for the district court to allow the prisoner to file a supplemental petition alleging the necessary facts. In this case, however, dismissal of the petition was proper on grounds of failure to exhaust state remedies as to all of the appellant's contentions.

Affirmed.