**Pedro G. ALONZO, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74-2444

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1974.

Pedro G. Alonzo, pro se.

John L. Hill, Atty. Gen., Merrill Finnell, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

█ In his habeas petition in the District Court, appellant claimed he had been denied the due process of law guaranteed him by the Fourteenth Amendment, in that the guilty plea he entered in Texas state court was involuntary. He claims he was so upset about a second pending proceeding he could not understand the waiver of rights purportedly made in connection with the plea. The District Court denied relief on the ground the question had not been presented to the Texas courts. 28 U.S.C.A. § 2254. By incorporating the Magistrate's recommendation, the Court ordered appellant to proceed under Article 11.07 of the Texas Code of Criminal Procedure before reapplying for federal relief. We agree the Texas courts should further consider appellant's case, but not because the question has never been "raised" within the meaning of 28 U.S.C.A. § 2254(b).

Appellant contends this issue was "raised" in the Texas Court of Criminal Appeals, citing his appellate brief in that court. He is correct the issue was "raised" in the sense it was discussed on one page of the brief. However, the issue, not identified with any particularity and on which the Court of Criminal Appeals did not address itself, Alonzo v. Texas, 1971, 462 S.W.2d 603, was not the subject of any factual hearing on which to rest a factual basis for determination of the merits.

█ A state appellate court need not expressly address itself to a federal constitutional claim before state remedies are "exhausted". However, the "exhaustion" principle is one of comity, not jurisdiction. Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Hairston v. Alabama, 5 Cir., 1972, 465 F.2d 675. Our review of the posture of this case in the Texas Court of Criminal Appeals persuades us the Texas courts have not been afforded the opportunity to review appellant's constitu-

tional claims this comity principle entitles them to have. Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; *see* Parson v. Beto, 5 Cir., 1972, 463 F.2d 249; *cf.* Picard v. Connor, 1971, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438; Garrett v. Texas, 5 Cir., 1970, 435 F.2d 709; Carter v. Duggan, 5 Cir., 1972, 455 F.2d 1156.

Article 11.07 of the Texas Code of Criminal Procedure provides an "available State corrective process . . . to protect the rights of the prisoner." 28 U.S.C.A. § 2254(b). That forum should be given the opportunity to assess the factual foundation of appellant's claims. Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; *cf.* 28 U.S.C.A. § 2254(d). The District Court correctly concluded the present denial of habeas relief is without prejudice to a new petition should the Texas courts deny relief.

Affirmed.