
and properly was admissible as independent evidence.

The judgment of the district court will be affirmed.

**Taylor S. HARDIN and Katherine B. Hardin, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 74–1438.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1974.

Decided Dec. 23, 1974.

Fred R. Tansill, Washington, D. C. (Paul S. Richter and Bird & Tansill, Washington, D. C., on brief), for appellants.

George G. Wolf, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown and Gary R. Allen, Attys., Tax Div., U. S. Dept. of Justice, on brief), for appellee.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

We agree with the Tax Court that when the taxpayers owned the race horse for only twenty-seven days prior to the end of the calendar year, they were entitled to claim depreciation for only the period of ownership and not for a full year, notwithstanding that by the rule of the sport a thoroughbred race horse is deemed to be one year older on January 1 of each year. We affirm on the memorandum opinion of the Tax Court. Taylor S. Hardin, 32 T.C.M. 892 (1973).

Affirmed.

**Mark Allen McBRIDE, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 74–3489
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Mark Allen McBride, pro se.

John L. Hill, Atty. Gen., Austin, Tex., Randall S. Boyd, Asst. Atty. Gen., Dallas, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

---

1. McBride's counsel urged the state trial Judge's comments during the trial exceeded the bounds of propriety. McBride now asserts those comments violated his constitutional right to a fair trial. We do not think

**PER CURIAM:**

 McBride attacks his confinement as unconstitutional because the sentence imposed exceeds the limits of a plea bargain. The District Court dismissed this allegation without prejudice because it held this issue had never been presented to the Texas courts. 28 U.S.C.A. § 2254. McBride contends he has presented this issue to the Texas Court of Criminal Appeals because he submitted a supplemental pro se brief directed expressly to the issue. This brief was supplemental to one filed by counsel on direct appeal from his sentencing.[1] We agree this "presentation" is enough to satisfy the jurisdictional requirements of § 2254, but affirm the District Court. Alonzo v. Estelle, 5 Cir., 1974, 500 F.2d 672.

 The only difference between McBride's case and Alonzo's is that McBride's pro se brief in the Texas appellate court presented the plea bargain issue much more forcefully than did Alonzo's state appellate brief. In that case, the issue we sent back to the state court was only presented in a passing reference—not otherwise set off—in the text of a brief presenting several issues. We hold this distinction does not warrant a contrary result.

Principles of comity require us to put more emphasis on two factors which are the same in McBride's case as in Alonzo's, (i) the state court did not address itself to the issue in its opinion, and (ii) the state court had no factual record upon which to base any consideration of the issue. "Article 11.07 of the Texas Code of Criminal Procedure provides an 'available State corrective process . . . to protect the rights of the prisoner.' 28 U.S.C.A. § 2254(b). That forum should be given the opportunity to assess the factual foundation of appellant's claims. [Citation omitted]." 500 F.2d at 673.

Affirmed.

constitutional error was committed. At the very most, appellant has shown the Judge may have infringed upon Art. 38.05, Vernon's Ann.Tex.Code of Criminal Procedure.