TYSON, Judge.
The appellant was indicted for assault with intent to murder, found guilty by a jury, and judgment set sentence at ten years imprisonment in the penitentiary on November 20,1975. The appellant was represented at trial by retained counsel.
Thereafter some confusion arose, and the record affirmatively reflects that notice of appeal was given and the appellant was determined to be an indigent and other counsel appointed to perfect an appeal to the Court of Criminal Appeals of Alabama. Because no transcript of the original trial was filed in this Court within the time provided by law, this Court dismissed the appeal on March 29, 1976.
The appellant filed a petition for writ of error coram nobis in the Circuit Court of Montgomery County, Alabama, contending, among other things, that as an indigent he was prevented from taking an appeal and was not adequately represented at trial by counsel.
Because the record before this Court fails to reveal the verdict and judgment of the trial court, and also fails to show when notice of appeal was given in the trial court, as well as when the appointment of counsel to perfect the appeal took place, we remand this cause for a hearing in the Circuit Court of Montgomery County, Alabama. Following a hearing with counsel present to represent the appellant, Joseph Baldwin, the trial court shall determine when notice of appeal was given from the original verdict and judgment and when the appointment of counsel to perfect the appeal took place. The trial court shall also determine if Appellant’s counsel was notified of this appointment and why the appeal was not timely perfected in this Court.
If the trial court, following the hearing in question, should determine that, through no fault of the appellant or his attorney that he was prevented from timely perfecting the appeal, then the Circuit Court is authorized and directed to order a complete transcript of the original trial proceedings and have same timely filed in this Court in accordance with the Alabama Rules of Appellate Procedure, adopted June 17,1975, by the Supreme Court of Alabama. See also In re Pope, Ms. July 16, 1976, opinion ex *940 tended September 10, 1976, Ala.; and also Swanson v. State, 1976, 7 Div. 430, October 19,1976, Ala.App.
Counsel for the appellant and counsel for the State, in the event such transcript is filed with this Court, shall then be allowed appropriate opportunity to file their respective briefs on the merits. See Alabama Rules of Appellate Procedure, supra.
This cause is hereby remanded with directions.
REMANDED WITH DIRECTIONS.
All the Judges concur.