This is an appeal from a judgment denying appellant's petition for writ of error coram nobis.
In 1975 appellant was convicted in each of three separate cases of a violation of the Alabama Uniform Controlled Substances Act. Code 1940, 1971 Cumulative Pocket Part, Tit. 22, § 258. He was sentenced to a total of twenty-seven years imprisonment in the three cases.
His retained counsel promptly gave notice of an appeal in each case. Over a course of several months, extensions were granted for the completion of the transcript of the proceedings in each case, which extended until February 21, 1976. On February 26, 1976, the Madison County Circuit Clerk filed a certificate with this Court that the time for filing the court reporter's transcript in each of the three cases had expired and that the transcript had not been filed. On March 4, 1976, this Court issued an order dismissing the appeal in each case.
On April 29, 1976, post-conviction relief was sought by a petition then filed in the trial court, which there culminated in the judgment of the trial court of June 2, 1976, from which this appeal was taken by notice within two days after the judgment. The record reached this Court on July 7 accompanied by a certificate of the Clerk of the trial court dated July 6, 1976. A brief was filed by appellant on July 23, by appellee on August 20, and the case was orally argued and submitted on October 8, 1976.
The allegations and supporting affidavits of the petition, as well as the testimony on the hearing, contained charges of grave misconduct on the part of the retained counsel of defendant in the three cases *Page 628 
mentioned in connection with his obligation to prosecute the appeals to this Court. The retained counsel for defendant in those cases, that is, the counsel acting for him on the trial and on appeal in each of the cases, is not the counsel who filed the petition for writ of error coram nobis, represented petitioner on the hearing and now represents him on appeal.
According to the undisputed evidence on the hearing, petitioner's former counsel abandoned the appeal and each of the criminal cases against him without notice to defendant of such abandonment. The evidence further shows that prior to dismissal of the appeals in the cases, the court reporter, at the request of defendant's then counsel, had prepared transcripts of the proceedings in the cases, but had not delivered them by reason of the failure of said counsel to pay for the same in accordance with his obligation. The evidence is also to the effect that between the second and third trials of defendant, defendant's then counsel proposed to defendant that defendant obtain a purchaser for two tons of marijuana to be sold by a friend of the attorney and that by doing so he would compensate defendant's attorney for his services and the cost of the appeals. According to defendant, defendant made no commitment in this respect until he had discussed the matter with one of defendant's friends who had let him have money to pay for his appeal bonds and had conferred with the Federal Drug Agency in Birmingham; he was encouraged by representatives of the Federal Drug Agency in Birmingham to work with them in an effort to apprehend defendant's attorney and the unnamed friend or friends of defendant's attorney in illegal conduct in connection with the sale of marijuana; thereafter, in liason with representatives of the Federal Drug Agency, he notified his attorney that he was acting as a go-between for the sale of the marijuana; there were operations along this line for some time, but they finally failed, apparently by reason of the proposed seller's wariness. According to the testimony of defendant, his then attorney assured him time and again that his appeal in each case was being prosecuted, that "he had the transcripts" and this assurance continued even beyond the date of the dismissal of the appeals.
The evidence at the hearing also shows without dispute that defendant was impecunious from the time of his first conviction and that he met the standard of indigency requisite for a free transcript of the proceedings in each case. No formal action was taken by his former attorney to obtain a free transcript, but such attorney did discuss the matter of defendant's indigency with the trial judge and indicated the possibility of his filing a motion to declare defendant an indigent. The petition for writ of error was captioned in the alternative as a Petition for Leave to Appeal in Forma Pauperis and contained positive averments of petitioner's indigency at all times pertinent to his appeals.
Neither defendant's former attorney nor anyone purporting to be privy to him testified on the hearing, and whatever his version may be of the shocking and almost incredible accusation against him, we have at this time no alternative to accepting, as substantially true at least, the record of the undisputed testimony.
We now lay aside, for the purpose of this case only, any and all questions raised or that can be raised, relative to the sufficiency of the petition and supporting evidence to entitle petitioner to relief at the hands of the trial court, for the reason that there is now presented to us sufficient information for this Court to grant relief, to which we feel the undisputed evidence shows he is entitled. Whatever basic injury has ever been inflicted upon petitioner is to be found in the transcripts of the appeals heretofore dismissed by this Court. The dismissals by reason of the lack of transcripts in this Court were the result of no fault of appellant. The court reporter had prepared them, and under the circumstances was entitled to compensation therefor before she released them to appellant's attorney. On the showing now made, appellant has been done a rank injustice by his former attorney, either in his not compensating the court reporter for the transcripts he had *Page 629 
ordered or in not applying for free transcripts on behalf of defendant in each case on the basis of his indigency. His former attorney is entitled to a hearing before condemnation or conviction of the charge made against him by petitioner — appellant in connection with their imbroglio, but the undisputed evidence before us requires us to look upon appellant as the victim of an almost unprecedented outrage, from the consequences of which we should grant relief when within our power to do so.
There is not here involved the matter of any out-of-time appeal. The appeal of each criminal case was within time; the appeal from the order in this particular case was well within the time. If we now had the transcripts in the cases in which appellant was convicted, we could proceed in accordance withEllison v. State, 55 Ala. App. 50, 312 So.2d 632, 637,[1] and thereby, without further action by the trial court, dispose of this case and the three appeals on the merits thereof, after adequate opportunity is given both sides to submit briefs and arguments as to such appeals. In the absence of the transcripts, we deem it appropriate to remand this case with directions to the trial court, subject to the condition immediately hereinafter stated, to order: (1) that defendant was indigent at the time of his appeal of each of the mentioned cases, (2) that the court reporter be compensated at the rate provided by law for the preparation of each transcript and three copies thereof and that she duly certify and file the same with the clerk of the trial court, and (3) that the clerk shall proceed to complete the record on appeal in each case so as to include the court reporter's transcript of the proceedings and certify and transmit to this Court such completed record in each case and otherwise comply with the requirements of law, including particularly Code of Alabama 1940, Recompiled 1958 (Cumulative Pocket Part 1973), Title 15, Sections 380 (14)-380 (25) and Rule 11, Rules of Appellate Procedure, as applicable to unquestionably valid and outstanding appeals, and that payment to the clerk be authorized to cover the clerk's fees incident to each appeal.
The condition hereinbefore anticipated is, that in the event the trial court deems it appropriate to proceed to an investigation of appellant's finances pursuant to Tit. 15, § 380 (18) and (19), it may do so, and if there is a finding that defendant is able to pay all or a part of the court reporter's fees, or the clerk's fees, such finding and the transcript of the hearing shall be transmitted to this Court in the form of a Return to Remand, for further consideration in this case. In providing this condition, we seek to avoid any appearance of infringing upon the province of the trial court in determining whether a particular defendant is indigent, but in the absence of any evidence or finding different from that which is now before us, there is no alternative to an acceptance of the undisputed evidence as to his indigency.
Upon completion of the record in each case as directed and transmittal thereof to this Court, the parties will be governed by ARAP in each of the mentioned criminal cases, particularly as to the filing of briefs and submission of the cause. Meanwhile, the order of this Court dismissing the appeal in each of the mentioned cases is set aside and the appeal reinstated; an order is to be entered accordingly on the docket of each case.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] [F]ollowed in White v. State, 55 Ala. App. 58, 312 So.2d 639; see also Baldwin v. State, Ala.Cr.App., 342 So.2d 939, 1976, and Ala.Cr.App., 342 So.2d 940, 1977. *Page 630