This is an appeal from a conviction of selling, furnishing, or giving away marijuana, a controlled substance as listed in the Alabama Uniform Controlled Substances Act of 1971 (Code of Alabama 1940, 1973 Cum.Supp.Tit. 22, §§ 258 (25)-258 (60). The case was tried without a jury, the defendant, accompanied by his counsel, having made known to the court that he understandingly and voluntarily waived his right to a jury trial with full awareness of the consequences.
This is one of three cases wherein appellant has appealed from a conviction and sentence for a violation of the Alabama Uniform Controlled Substances Act, the other two being 8 Div. 687 and 8 Div. 712, Ala.Cr.App., 351 So.2d 630, 636. *Page 641 
Three witnesses testified for the State, two of them merely to establish the chain of custody of the substance involved and its identity as marijuana. The only other witness, Kenneth Dupree, an undercover narcotics agent, testified that he went to defendant's apartment on the evening of September 20, 1974, in company with an unnamed informer, that each of the two asked defendant to sell him some marijuana, and defendant complied with the requests. The marijuana that was sold to the witness was thereafter sealed in an envelope by the witness, marked for identification, turned over to the Police Department for an examination by the Department of Toxicology, whose representative analyzed it and testified that it was marijuana.
As shown by one or more of the other Messelt cases consisting of appeals from judgments of conviction under the Alabama Uniform Controlled Substances Act of 1971, as well as inMesselt v. State, Ala.Cr.App., 351 So.2d 627 (1977), an appeal from a denial of a petition for writ of error coram nobis, his attorney on the trial does not represent him on appeal. His attorney on appeal was appointed by the trial court on a determination by the trial court of defendant's indigency.
Appellant contends that his conviction is not supported by the evidence, that the judgment of the trial court is contrary to the great weight of the evidence, and that the judgment should be set aside. Appellant bases his contention largely on the claimed weakness of the State's evidence, but apparently chiefly on the evidence for defendant.
Defendant testified but denied any such transaction as described by the State's witness. To some extent he was supported by three witnesses, who testified that defendant was not in his apartment at the time claimed by the State's witness, that he was with the three witnesses in another place at that time.
Our review of the evidence fails to convince us that the judgment is not amply supported by the evidence. Nor are we convinced by the record that the judgment is contrary to the weight of the evidence. Furthermore, we must adhere to the general proposition that, on appeal, the judgment of a trial court upon evidence taken ore tenus is to be treated like the verdict of a jury, and will not be disturbed unless plainly contrary to the weight of the evidence. Moseley v. State,53 Ala. App. 272, 299 So.2d 317, cert. denied 292 Ala. 743,299 So.2d 319; Peterson v. State, 17 Ala. App. 662, 88 So. 49.
Appellant says also that the trial judge should have recused himself sua sponte as he had presided as judge in a case against defendant for the same type of crime in which the evidence was very similar to that in this case. We do not agree. A judge's participation in the trial of a defendant for another crime does not, without more, furnish a basis for his recusal. Walker v. State, 38 Ala. App. 204, 84 So.2d 383.
In addition, appellant says that defendant's counsel's action in arranging for a non-jury trial demonstrated that defendant was not afforded adequate and effective counsel. The failure of one's counsel to insist on a jury trial is not necessarily attributable to incompetence or bad judgment. Notwithstanding what has been said in one or more of these cases, particularly the appeal from the order on petition for writ of error coram nobis, as to the conduct on appeal of defendant's former counsel in these cases, we have found nothing to indicate that his efforts during trial were not intelligently directed toward a result favorable to defendant. It is to be noted also that in this particular case, defendant by having a non-jury trial was able to obtain a break in the trial for several days in order to obtain witnesses to testify in his behalf, which would not have been feasible if the case had been tried by a jury.
Other matters raised by appellant are considered and determined adversely to appellant in 8 Div. 712.
We find no error in the record prejudicial to defendant, and the judgment appealed from should be affirmed. *Page 642 
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.