Samuel **SIMMONS,** Petitioner-Appellant,

v.

L. L. **WAINWRIGHT,** Secretary, Department Offender Rehabilitation, Respondent-Appellee.

No. 78–1723
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

The district court dismissed the petition for writ of habeas corpus for failure to exhaust state remedies on two of several claims—effective assistance of state appellate counsel and failure of the prosecutor to properly investigate the crime for which petitioner was convicted. *Galtieri v. Wainwright,* (CA5, 1978) (en banc), 582 F.2d 348, holds that the district court must dismiss a "mixed" habeas corpus petition, that is, one in which petitioner has included both exhausted and unexhausted claims. *Galtieri's* policy is that petitioner is required to exhaust all of his *constitutional* claims, p. 356, to achieve the goal that he will travel through each system (state and federal) one time for vindication of alleged *constitutional* errors. *Id.* The claim that the prosecutor failed to investigate is not of constitutional dimension. There is no such due process right. A district judge, in implementing *Galtieri,* is not mandated to remand for exhaustion of issues that do not reach constitutional dimension though alleged as such. He does not have to remand a "mixed" petition to require exhaustion on an allegation that the court reporter was redheaded.

Thus we affirm the dismissal on the ground of failure to exhaust the claim of effective assistance of state appellate counsel. But we note that exhaustion is not required on the claim asserting a constitutional deprivation consisting of the prosecutor's failure to sufficiently investigate the alleged offense against the petitioner.

As modified, the dismissal is AFFIRMED.

Samuel Simmons, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Mary Jo Gallay, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.