**Jack MESSELT, Petitioner-Appellant,**

v.

**STATE OF ALABAMA,
Respondent-Appellee.**

Nos. 78–2282, 78–2283.

United States Court of Appeals,
Fifth Circuit.

May 17, 1979.

Jack Messelt, pro se.

Marshall E. Smith, III, Birmingham, Ala. (court-appointed), Fred Blanton, Jr., Birmingham, Ala. (co-counsel), for petitioner-appellant.

William J. Baxley, Atty. Gen., C. Lawson Little, James F. Hampton, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Appeals from the United States District Court for the Northern District of Alabama.

Before GEWIN, HILL and FAY, Circuit Judges.

PER CURIAM:

These appeals from the denial of two petitions for relief under 28 U.S.C.A. § 2254 present the issue whether a member of the State bar committed so "blatant [a] breach of the sacred loyalty owed his client"[1] that the two challenged State convictions were rendered fundamentally unfair by (1) suggesting to the State prosecutor that pending charges be dismissed and Petitioner be reindicted on more serious charges in order to gain more leverage to collect his fee, and (2) proposing that Petitioner participate in the attorney's own drug scheme in lieu of payment of a fee, which proposal resulted in Petitioner's being forced to assume the role of an undercover agent and informant against the attorney. We reverse and remand with instructions to the District Court to grant the relief requested.

We adopt, as did the District Court, the findings made in the Magistrate's Report and Recommendation.[2]

In February of 1975, Petitioner was arrested for allegedly violating the Alabama Uniform Controlled Substances Act. Shortly after his arrest, Petitioner retained a member of the State bar, Richard Kempener, to represent him. The accusations against Petitioner resulted in the return of three indictments and three trials in the Circuit Court of Madison County, Alabama, Nos. 74–777, 75–164–F and 75–165–F.

The State of Alabama was represented in each of these three prosecutions by the same Assistant District Attorney from Madison County, Alabama. Petitioner was first convicted in No. 74–777 on April 8, 1975.[3] After the first conviction and prior to the commencement of the second trial, No. 75–165–F, Richard Kempener came to the office of the Assistant District Attorney prosecuting the three cases and stated that he was having difficulty collecting his fee from his client, Petitioner. Kempener, retained by Petitioner to *defend* him, then suggested to the Assistant District Attorney that the two pending indictments alleging the sale of marijuana in Nos. 75–164–F and 75–165–F be dismissed and Petitioner be reindicted for the more serious offenses of the sale of marijuana after having been convicted of a drug crime in the first trial, No. 74–777. Kempener explained that the increased maximum penalty provided for the more serious offenses would provide more incentive for Petitioner to secure the necessary funds to pay for his defense. The Assistant District Attorney refused the suggestion and advised Kempener that his suggestion would not be technically proper since Petitioner had not been convicted of a drug offense at the time of the alleged sales in the remaining two cases and, further, the recommendation was inappropriate. Nothing more ever came of this meeting until now.[4]

After the trial in the second case, No. 75–165–F, which concluded on June 4, 1975, in a jury verdict of guilty, and prior to the commencement of the third trial, No. 75–164–F, Kempener, who had been retained to *defend* Petitioner, offered Petitioner a pro-

---

1. *Gandy v. Alabama,* 569 F.2d 1318, 1327 (5th Cir. 1978).

2. There is substantial evidence in this record supporting the factual determinations made by the Magistrate and adopted by the District Court. *But see* note 5, *infra.* Neither side has taken issue with these findings either before the District Court or on this appeal. *See* Brief of Appellant at 15; Brief of Appellee at 3–8. Though the Magistrate twice recommended granting relief, the District Court denied relief in both cases.

3. The conviction in No. 74–777 was subsequently reversed by the Alabama Court of Criminal Appeals and is not in issue here. *Messelt v. State,* 351 So.2d 630 (Cr.App.Ala. 1977). Following the reversal and remand, the charges were dismissed.

4. Incredible as this narration may seem, this account of the meeting is based on the sworn affidavit of the Assistant District Attorney, and, as we have noted, is not controverted here. *See* note 2, *supra* and note 5, *infra.*

posal: if Petitioner assisted Kempener in the sale of some marijuana he would be relieved of any further obligation to pay for his defense. Petitioner promptly reported this proposal to the United States Drug Enforcement Agency, and was advised by DEA officials to continue with Kempener in his own defense and to pretend to accept the marijuana proposal. In effect, Petitioner became an undercover agent investigating the very member of the State bar he had retained to defend him. The Alabama Alcoholic Beverage Control Board was involved in this undercover operation, as well. Petitioner continued to cooperate with the Federal and State authorities in their efforts to secure evidence against Kempener during and after the third trial, No. 75–164–F, which concluded on September 19, 1975, in a finding of guilty. Kempener was subsequently indicted by a grand jury of the Circuit Court of Madison County, Alabama regarding the proposed sale of marijuana and Petitioner was the principal witness called by the prosecution. Thus, at the behest of Federal and State officials, Petitioner became first an undercover agent, then an informer, and finally the chief prosecution witness against Kempener.

As we have noted, in all three state trials, Petitioner was convicted. He was sentenced to seven years' imprisonment in No. 74–777, nine years' imprisonment in No. 75–165–F, and eleven years' imprisonment in No. 75–164–F. In each of these cases, Petitioner was represented by Kempener. Through no fault of Petitioner, Kempener failed properly to perfect the appeal in each of these three cases. Petitioner then retained another attorney [5] and, with the assistance of his then attorney, filed a petition for a writ of error *coram nobis* in the Circuit Court of Madison County, Alabama. The key issue raised was the denial of Peti-

tioner's right of appellate review due to Kempener's inaction. Petitioner appealed the denial of the writ of error *coram nobis* to the Alabama Court of Criminal Appeals which reversed the denial and directed the Circuit Court of Madison County, Alabama to appoint counsel to represent Petitioner on appeal in each of the three cases and to process the appeals *in forma pauperis. Messelt v. State,* 351 So.2d 627 (Cr.App.Ala. 1977). The Alabama Court of Criminal Appeals reversed the conviction in No. 74–777. *Messelt v. State,* 351 So.2d 630 (Cr.App.Ala. 1977). The convictions in Nos. 75–165–F and 75–164–F were affirmed. *Messelt v. State,* 351 So.2d 636 (Cr.App.Ala.1977); *Messelt v. State,* 351 So.2d 640 (Cr.App.Ala. 1977).

In his initial petition for relief under 28 U.S.C.A. § 2254, Petitioner challenged his second conviction, State No. 75–165–F, here numbered No. 78–2282. Subsequently, Petitioner challenged his third conviction, State No. 75–164–F, here numbered No. 78–2283. We have consolidated his separate appeals from the District Court's separate denials of the two petitions.

Before reaching the merits of these two petitions, we must consider the threshold requirement of exhaustion of state remedies under 28 U.S.C.A. § 2254:

> The exhaustion of state remedies is a doctrine, grounded on notions of comity, that requires a state prisoner to present his claim of constitutional error to the state court system prior to petitioning for federal habeas corpus relief. The rule in this circuit is that a federal district court generally must dismiss, without prejudice, a state prisoner's petition for a writ of habeas corpus that contains a mixture of exhausted and unexhausted claims. Strong policy considerations require us to

---

**5.** Kempener did not represent Petitioner further in the State proceedings and did not participate in any manner in the two petitions now before this Court. Thus, his version of these events is not part of the record we review. *See* notes 2 and 4, *supra.* We are in the same position as the Court of Criminal Appeals of Alabama in *Messelt v. State,* 351 So.2d 627, 628 (Cr.App. Ala.1977):

> Neither [Petitioner's] former attorney nor anyone purporting to be privy to him testified on the hearing, and whatever his version may be of the shocking and almost incredible accusation against him, we have at this time no alternative to accepting, as substantially true at least, the record of the undisputed testimony.

adhere to our rule that petitioners present all their claims to the state court system before turning to the federal courts.

*Galtieri v. Wainwright,* 582 F.2d 348, 351 (5th Cir. 1978) (*en banc*).

The only mention of the exhaustion requirement in the present record on appeal is in the "Petition To Be Declared Indigent And Have Counsel Appointed." There Petitioner simply claimed that State remedies had been exhausted by his prior State Court proceedings. However, the simple fact that Petitioner has once sought available State remedies does not control. One inquiry is more specific; we must determine whether the same facts and theory of their legal significance have been presented to the State Court. It is clear that the claims of Constitutional error raised before the District Court have not been presented to the State courts. The marijuana proposal was only briefly mentioned in the *coram nobis* proceedings to buttress claims of an ineffective performance at trial on the part of Kempener. Kempener's efforts at obtaining a more serious indictment was first uncovered just prior to the petitions in the District Court and presented to a court for the first time there. This is not enough to satisfy the exhaustion requirement of 28 U.S.C.A. § 2254; "the state court system must have been apprised of the facts and the legal theory upon which the petitioner bases his assertion." *Galtieri v. Wainwright,* 582 F.2d at 353. *See also Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Ogle v. Estelle,* 592 F.2d 1264 (5th Cir. 1979); *Willett v. Georgia,* 586 F.2d 1080 (5th Cir. 1978); *Carr v. Alabama,* 586 F.2d 462 (5th Cir. 1978); *Lerma v. Estelle,* 585 F.2d 1297 (5th Cir. 1978); *Simmons v. Wainwright,* 585 F.2d 95 (5th Cir. 1978); *Medaries v. Wainwright,* 584 F.2d 756 (5th Cir. 1978); *Burden v. Alabama,* 584 F.2d 100 (5th Cir. 1978); *Devore v. Blackburn,* 584 F.2d 52 (5th Cir. 1978); *Knoxson v. Estelle,* 574 F.2d 1339 (5th Cir. 1978); *McBride v. Estelle,* 507 F.2d 903 (5th Cir. 1975); *Alonzo v. Estelle,* 500 F.2d 672 (5th Cir. 1974). Thus, the factual sequence of events which we find so offensive and the Due Process—fundamental fairness theory which we find so compelling were never really presented to the State Courts. Therefore, in the ordinary course we would be required to vacate the District Court's denials of relief in both appeals and remand with instructions to deny both petitions without prejudice to subsequent State or, if necessary, federal proceedings.

■ However, there is a reason for excusing the exhaustion requirement in these cases. As we have noted, the only mention of exhaustion in this record was Petitioner's conclusory allegation in his "Petition To Be Declared Indigent And Have Counsel Appointed." The State never challenged that assertion before the District Court and litigated these cases as if there was no question of exhaustion. Now, for the first time on appeal the State raises the issue in an offhand manner.[6] This is too little too late.

■ As a general rule, contentions urged for the first time before this Court are not properly before us on an appeal from the denial of relief under 28 U.S.C.A. § 2254. *See generally, e. g., Blankenship v. Estelle,* 592 F.2d 270 (5th Cir. 1979); *Tifford v. Wainwright,* 592 F.2d 233 (5th Cir. 1979); *Bryant v. Elliott,* 472 F.2d 572 (5th Cir. 1973); *Forbes v. Wainwright,* 425 F.2d 724 (5th Cir. 1970); *Davis v. Beto,* 368 F.2d 999 (5th Cir. 1966), *cert. denied,* 386 U.S. 1040, 87 S.Ct. 1498, 18 L.Ed.2d 608 (1967). From a standpoint of orderly judicial procedure,

---

**6.** The State's entire exhaustion argument reads as follows:

Appellee submits that the Appellant has not exhausted his state remedies in regards to his claim of incompetency of counsel due to a conflict of interest.

The conflict of interest claim presented by Appellant has never shown its face before the Courts of Alabama. The fact that Appel-lant's retained trial attorney approached Mr. Chadbourne, the Assistant District Attorney for Madison County, Alabama, and asked him that his client be indicted on more serious charges has never been considered by an Alabama court. Properly, such a claim should first be presented to the Alabama courts for their determination.

Brief of Appellee at 10.

our appellate function in such appeals is clearly limited to reviewing matters which have been presented to the District Court. *See Johnson v. Havener,* 534 F.2d 1232 (6th Cir. 1976); *Young v. Wainwright,* 326 F.2d 255 (5th Cir. 1964). This general rule applies to the State's late claim of failure to exhaust. "Failure to raise the contention of lack of exhaustion at the district court level is ordinarily a bar to its consideration on appeal." *West v. Louisiana,* 478 F.2d 1026, 1034–35 (5th Cir. 1973), *aff'd in pertinent part en banc,* 510 F.2d 363 (5th Cir. 1975), *citing Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 n. 2 (4th Cir. 1971) and *Goins v. Allgood,* 391 F.2d 692 (5th Cir. 1968) and *Brown v. Fogel,* 387 F.2d 692 (4th Cir. 1967) and *Wade v. Peyton,* 378 F.2d 50, 51 (4th Cir. 1967) and *Tolg v. Grimes,* 355 F.2d 92 (5th Cir. 1966). *See also Bernath v. Craven,* 506 F.2d 1244, 1246 n. 2 (9th Cir. 1974); *Jellum v. Cupp,* 475 F.2d 829, 832 (9th Cir. 1973); *Parker v. Comstock,* 404 F.2d 746, 747 (9th Cir. 1968); *Zekelkeyzula v. Patterson,* 373 F.2d 522, 523 (10th Cir. 1967). *But see also Baldwin v. Lewis,* 442 F.2d 29, 35 (7th Cir. 1971); *United States ex rel. Wissenfeld v. Wilkins,* 281 F.2d 707 (2d Cir. 1960); *Schilder v. Gusik,* 180 F.2d 662, 665 (6th Cir.), *rev'd on other grounds,* 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950). The continued viability of this rule was reaffirmed in this Court's recent reconsideration of the exhaustion problem. *Galtieri v. Wainwright,* 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*), *citing West v. Louisiana,* 478 F.2d 1026, 1034 (5th Cir. 1973), *aff'd in pertinent part en banc,* 510 F.2d 363 (5th Cir. 1975). Therefore, we shall consider the merits.[7]

■ Our efforts at deciding whether to reach the merits have been more difficult than our efforts at actually deciding these appeals. We believe that this unique sequence of events violated Petitioner's fundamental Due Process right to a fair trial. Like the situation presented in *Gandy v. Alabama,* 569 F.2d 1318, 1327 (5th Cir.

1978), the unique sequence of events occurred here together and, when measured against the Due Process standard of fundamental fairness, deprived Petitioner of a fair trial. Kempener's clandestine overtures to have Petitioner charged with more serious offenses in an effort to gain more leverage in collecting his fees smacks of the basest conflict of interest and disloyalty. This egregious conduct coupled with his proposal to Petitioner to participate in a drug scheme which resulted in Petitioner's being placed in a position of an undercover investigator and informant, at the behest of State and Federal officials, against the very person retained to defend him shocks our judicial conscience. Petitioner's second and third trials were thus rendered fundamentally unfair. We reverse the District Court's denial of relief because of the utter perversion of the attorney-client relationship itself without even considering the actual trial performance of Kempener. *See generally Zuck v. Alabama,* 588 F.2d 436 (5th Cir. 1979); *United States v. Alvarez,* 580 F.2d 1251 (5th Cir. 1978); *Gandy v. Alabama,* 569 F.2d 1318 (5th Cir. 1978); *Cantrell v. Alabama,* 546 F.2d 652 (5th Cir. 1975); *Fitzgerald v. Estelle,* 505 F.2d 1334 (5th Cir. 1975) (*en banc*); *Castillo v. Estelle,* 504 F.2d 1243 (5th Cir. 1974); *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir. 1960), *aff'd en banc,* 289 F.2d 928, *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961).

Nos. 78–2282 and 78–2283 are remanded to the District Court with instructions to grant the petitions without prejudice to the State of Alabama to retry Petitioner within a reasonable time.

**REVERSED and REMANDED.**

7. We need not decide whether in an appropriate case this Court could remand to allow for exhaustion of state remedies even though the State first raises the issue of nonexhaustion on appeal. We simply conclude that this is not such an appropriate case.