9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jouett Edgar ARNEY, Petitioner-Appellant,
v.
Raymond ROBERTS, Attorney General of Respondents-Appellees.
 No. 92-3155.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This case requires us to decide whether the district court correctly dismissed petitioner Jouett Edgar Arney's second federal petition for writ of habeas corpus without a hearing. Because we agree with the action of the district court, we affirm.
 
 
 3
 At the outset, we note that this is petitioner's second petition for federal habeas relief. In his first petition, petitioner raised issues different from those he now advances.
 
 
 4
 A federal court may dismiss a petition for a writ of habeas corpus as an abuse of the writ under 28 U.S.C. 2244(b) and 28 U.S.C. foll. 2254, Rules Governing Section 2254 Proceedings, Rule 9(b) if the writ is a "second or successive petition ... [that] ... fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."
 
 
 5
 Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). Because petitioner has raised new claims for the first time in this second petition, his petition may be abusive. Id. In the ordinary case, such "claims raised for the first time in a second or subsequent habeas petition will be dismissed as abusive unless the petitioner can show cause for the failure to raise the claim in an earlier habeas petition, and prejudice therefrom." Id. This, however, is not the ordinary case because of the state's failure properly to defend this action in the district court.
 
 
 6
 " '[T]he government bears the burden of pleading abuse of the writ.' " Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991)(quoting McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991)). Only after the state has met its initial burden of pleading abuse of the writ with clarity and particularity does the burden shift to petitioner to show cause for his failure to raise the claims earlier and prejudice resulting from the claimed errors. See id.; Andrews, 943 F.2d at 1172. Because the state did not meet its initial burden of pleading abuse of the writ, however, the district court was required to address the merits of this petition and, on appeal, we are required to do the same. We strongly urge the office of the Attorney General for the State of Kansas to use more care in evaluating petitions for federal habeas corpus relief filed by state prisoners. This case represents a waste of judicial resources for all concerned.
 
 
 7
 Turning to the merits, petitioner advances five issues he feels should have earned him a hearing in the district court. We examine each in turn.
 
 
 8
 Petitioner first contends that his due process rights were abridged apparently because of delays in bringing him before a magistrate and in his eventual arraignment. Petitioner, however, identifies no prejudice suffered because of these relatively short delays.[2] See Gutierrez v. Moriarty, 922 F.2d 1464, 1472 (10th Cir.) ("Preindictment delay rises to a constitutional violation when the defense is substantially prejudiced by the delay and the reasons for the prosecutor's delay are improper."), cert. denied, 112 S.Ct. 140 (1991). We thus agree with the district court that petitioner's complaint of delay does not advance a claim of constitutional error meriting relief.
 
 
 9
 Petitioner's second claim is for relief due to prosecutorial misconduct. He alleges various failures to investigate and present relevant, exculpatory evidence and alleged tampering with the trial court record. Petitioner, however, advances no facts to substantiate his claims. Additionally, as noted by the district court, the charge that a prosecutor has failed to conduct a proper investigation does not state a constitutional claim. Simmons v. Wainwright, 585 F.2d 95, 96 (5th Cir.1978); see also Franco-DeJerez v. Burgos, 876 F.2d 1038, 1042 (1st Cir.1989)(immigration inspector has no duty to investigate further after initial finding of probable cause); Schertz v. Waupaca County, 875 F.2d 578, 583 (7th Cir.1989)(same with regard to police officers); Kompare v. Stein, 801 F.2d 883, 890 (7th Cir.1986)(same with regard to medical examiner). Thus, even if supported by competent evidence, petitioner's allegations would not state a constitutional claim eligible for federal habeas corpus relief.
 
 
 10
 Petitioner's third claim of ineffective assistance of counsel also consists largely of unsubstantiated and conclusory charges. Even if petitioner's claims were credible, however, petitioner would have to show (1) that counsel's performance was deficient and (2) that such inadequacies prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is presumed to come within "the wide range of reasonable professional assistance." Id. at 689. We have thoroughly reviewed the record in this case and conclude, as did the district court, that petitioner was not deprived of effective assistance of counsel. The record fails to support petitioner's charges regarding his counsel's link to organized crime. Petitioner's remaining claims involving the extent of investigation done by his lawyer and his lawyer's general performance fail to demonstrate that his counsel's investigation or representation was less than reasonable. See Elledge v. Dugger, 823 F.2d 1439, 1446 (11th Cir.1987), cert. denied, 485 U.S. 1014 (1988).
 
 
 11
 Petitioner next argues that a jury instruction regarding intent given at his trial resulted in his unconstitutional conviction. That instruction was as follows:
 
 
 12
 No. 9. There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true.
 
 
 13
 R., Vol. III, ROA in the Supreme Court of Kansas, No. 47820 at 5. A substantially similar jury instruction was condemned in Sandstrom v. Montana, 442 U.S. 510, 521 (1979), as unconstitutionally shifting the burden of proof on an element of the crime to the defendant. See also Hernandez v. Rayl, 944 F.2d 794, 795-96 (10th Cir.1991)(condemning identical instruction). Nevertheless, the district court, reasoning that petitioner's defense at trial was an alibi defense and not one involving lack of intent, held that the use of this instruction was harmless error. We agree, but on a slightly different analytical basis.
 
 
 14
 Initially, we note that the harmless error analysis of Chapman v. California, 386 U.S. 18 (1967), applies in cases of Sandstrom error. Rose v. Clark, 478 U.S. 570, 580-82 (1986). The proper analysis in such cases, however, turns not "on whether the defendant conceded the factual issue on which the error bore" but on whether " 'on the whole record ... the error ... [is] harmless beyond a reasonable doubt.' " Id. at 583 (quoting United States v. Hasting, 461 U.S. 499, 510 (1983)). Harmless error analysis addresses cases like this where a trial error concededly occurred which, in theory, may have changed the outcome of the case, "but in practice clearly had no effect on the outcome." Id. at 582 n.11. The inquiry is to determine "whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." Connecticut v. Johnson, 460 U.S. 73, 97 n.5 (1983).
 
 
 15
 It is common and proper for juries to infer intent from conduct. See Rose, 478 U.S. at 581 & n.9. We find the evidence here so clearly established petitioner's intent that use of the defective instruction was harmless error. Petitioner was identified at trial by three of his victims whose accounts of his actions clearly established the requisite intent. R., Vol. I at 230-58; Vol. II at 315-35, 427-41. The occurrence of Sandstrom error at petitioner's trial, therefore, was harmless beyond a reasonable doubt and will not serve as a basis to overturn petitioner's conviction.[3]
 
 
 16
 Petitioner's final argument, that he was impermissibly denied an appeal of right to the Kansas Court of Appeals from an adverse decision in a postconviction action, is also without merit. The issue raised by petitioner in that action was the same Sandstrom error raised here. Because we have held that the Sandstrom error did not amount to a constitutional violation, a missed opportunity to argue that point on appeal is obviously not a constitutional violation either.
 
 
 17
 Finally, the district court did not err in refusing to hold a hearing on this matter. No hearing is necessary on the questions of law, see Townsend v. Sain, 372 U.S. 293, 309 & n.6 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992), and because petitioner's factual allegations are unsupported by the record and "palpably incredible," an evidentiary hearing was similarly unnecessary, see Gaskins v. McKellar, 916 F.2d 941, 946 (4th Cir.1990), cert. denied, 111 S.Ct. 2277 (1991).
 
 
 18
 The judgment of the United States District Court for the District of Kansas is Affirmed.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Petitioner was returned to Kansas on September 10, 1972, after his arrest in Alabama on August 31, 1972. He was taken before a magistrate on September 14, where counsel was appointed to represent him. A preliminary hearing was held on September 28, and a criminal information was filed on October 3. Petitioner was arraigned on October 19. This short delay is far from presumptively prejudicial. See United States v. Kalady, 941 F.2d 1090, 1095 (10th Cir.1991)(two months between arrest and guilty plea not prejudicial)
 
 
 [3]
 Yates v. Evatt, 111 S.Ct. 1884 (1991), and Hernandez v. Rayl, 944 F.2d 794 (10th Cir.1991), are factually distinguishable from petitioner's case. In neither of those cases was the evidence "so strong ... [that] intent to kill was established beyond a reasonable doubt independently of the unconstitutional instruction." See Hernandez, 944 F.2d at 797