918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred E. GRIZZELL, Petitioner-Appellant,
v.
Billy COMPTON, Respondent-Appellee.
 No. 90-5565.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 This Tennessee prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Alfred E. Grizzell was convicted of robbery and kidnapping and was sentenced to life plus ten years in prison. Grizzell's counsel on appeal filed a brief presenting five trial errors. Grizzell filed a supplemental pro se brief raising four additional issues. The Tennessee Court of Criminal Appeals addressed all issues raised in both briefs and affirmed the conviction.
 
 
 4
 Grizzell's counsel filed a brief in support of an application for permission to appeal to the Tennessee Supreme Court but presented only six issues. Grizzell again submitted a supplemental pro se brief addressing additional issues. Leave to appeal was denied.
 
 
 5
 In his petition for a writ of habeas corpus, Grizzell maintained that he exhausted all claims by presenting them to the Tennessee Court of Criminal Appeals and to the Tennessee Supreme Court. Despite Grizzell's assertions, the district court determined that issues allegedly raised in the pro se supplemental brief were never presented to the Tennessee Supreme Court and dismissed the petition.
 
 
 6
 On appeal, the Sixth Circuit remanded the matter to the district court for further consideration and proof as to whether Grizzell had, in fact, exhausted his state remedies as to all claims. Grizzell v. Compton, No. 88-6319 (6th Cir. July 31, 1989).
 
 
 7
 On remand, the district court determined that the Tennessee Supreme Court never considered the issues presented in the supplemental brief. The petition for a writ of habeas corpus was again dismissed.
 
 
 8
 Upon review, we conclude that Grizzell exhausted his state court remedies. The focus of the exhaustion requirement is not whether the state court considered claims but whether the petitioner presented those claims to the state court for its consideration. A constitutional claim which is presented to the state courts, regardless of whether they address and dispose of it, will satisfy the exhaustion requirement. Rudolph v. Parke, 856 F.2d 738, 739 (6th Cir.1988).
 
 
 9
 Accordingly, the district court's order is hereby vacated and the cause is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation