925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. SOUTHERS, Petitioner-Appellant,
v.
Jack MORGAN, et al., Respondents-Appellees.
 No. 90-6394.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Arnold J. Southers, a pro se Tennessee prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Southers was convicted by a jury in 1983 of third degree burglary, grand larceny, and two counts of having become a habitual criminal. He was given two concurrent life sentences for the habitual criminal convictions, with possibility of parole after thirty years. The convictions were affirmed on direct appeal.
 
 
 4
 A panel of this court affirmed the district court's dismissal of Southers's first habeas petition because he had failed to exhaust his state remedies. Southers subsequently filed a state petition for post-conviction relief, which was dismissed following an evidentiary hearing which covered most of his approximately twenty issues. On appeal, Southers's court-appointed counsel declined to present all of the issues Southers wished to raise, and briefed only four. However, he submitted Southers's pro se pleadings, presenting the other issues, along with his own brief. The Court of Criminal Appeals granted the state's motion to strike Southers's pro se pleadings, over opposition by Southers's counsel, and those issues were not addressed by the court. Southers's motion to dismiss his appointed counsel and proceed on his pro se pleadings was denied. The Tennessee Supreme Court, on February 27, 1989, denied leave to appeal.
 
 
 5
 In his present petition, Southers raised nineteen issues, including those briefed by his state appellate counsel and the issues he unsuccessfully attempted to present in his supplemental pro se brief to the state courts. The district court, in a memorandum and order entered on November 30, 1989, granted the respondent's motion to dismiss Southers's petition for failure to exhaust state remedies. The court held that Tennessee law precluded the state courts from considering Southers's pro se claims while he was represented by counsel, and so those claims were not exhausted. The court further found that an adequate state remedy might yet exist because the Tennessee courts had not yet resolved an ambiguity in that state's three-year statute of limitations for filing petitions for post-conviction relief. Southers appealed; but because the district court had neglected to rule on a pending motion for reconsideration which tolled the time for appeal, this court dismissed for lack of jurisdiction. Southers v. Morgan, No. 90-5641 (6th Cir.Unpubl. Order of Aug. 20, 1990). The district court has now ruled on the motion, and a timely notice of appeal has been filed.
 
 
 6
 Southers argues on appeal that the district court improperly dismissed his petition for failure to exhaust state remedies when he has, in fact, presented all of his habeas issues to the state courts, but they declined to address them.
 
 
 7
 Upon consideration, we shall vacate the district court's order entered October 17, 1990, and remand the case for further consideration of Southers's petition.
 
 
 8
 The record indicates that Southers and his appointed counsel did all they could reasonably do to present Southers's claims to the Tennessee Court of Criminal Appeals. That court used its discretion to strike Southers's pro se pleadings upon the state's motion, and the state may not now use its own action as an excuse to block consideration of Southers's claims by the federal courts. Exhaustion is complete even if the state courts do not address an issue fairly presented to it. Smith v. Digmon, 434 U.S. 332, 333 (1978) (per curiam); Harris v. Rees, 794 F.2d 1168, 1173 (6th Cir.1986).
 
 
 9
 Accordingly, the district court's order is vacated and this case is remanded to the district court for consideration of the merits of Southers's petition. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation