UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 25, 2005
Submitted February 3, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-2763

| | |
|---|---|
| FREDERICK KIZER, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 02 C 3400 |
| ALAN M. UCHTMAN, | |
| *Respondent-Appellee*. | Robert W. Gettleman, *Judge*. |

**O R D E R**

In this appeal from a denial of a habeas petition brought pursuant to 28 U.S.C. § 2254, we are confronted with the question of whether Fredrick Kizer is procedurally barred from raising certain claims when the state courts denied his requests to raise them in pro se briefs intended to supplement briefs already filed by his counsel.  For the reasons discussed below, we hold that the district court erred in accepting the State's argument that Kizer's claims were procedurally defaulted.  Accordingly, we reverse and remand to allow the district court an opportunity to consider the two issues for which this court granted a Certificate of Appealability.

In 1995, Kizer was convicted of first degree murder, three counts of attempted murder, and two counts of aggravated battery with a firearm.  The trial court sentenced Kizer to

consecutive terms of 50 years for first degree murder, and 25, 15, and 10 years for attempted murder. On direct appeal, Kizer raised the single issue that the trial court judge erred in denying a substitution motion. The Illinois Appellate Court was not swayed and affirmed Kizer's convictions. In June of 1998, the Supreme Court of Illinois denied Kizer's petition for leave to appeal.

Kizer began state post-conviction proceedings in October of 1998 by filing a pro se petition with the Illinois trial court. He raised several issues, including that his counsel at trial was ineffective for failing to call alibi witnesses, and that the prosecutor made impermissible comments during closing argument. This pro se petition was summarily dismissed. Kizer appealed and apparently was provided with representation. Kizer's post-conviction appellate counsel filed a brief arguing a single issue: that a portion of Kizer's consecutive sentence violated Illinois law. This brief was later supplemented by counsel to address the then-recent decision of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Kizer's counsel did not seek review of any of the issues Kizer raised in his pro se post-conviction petition.

Kizer was not satisfied with his attorney's decision to forgo all of the issues raised in the post-conviction petition. Attempting to preserve what he believed to be "meritorious issues for review," Kizer moved pro se to file instanter a supplemental brief with the Illinois Appellate Court. As he explained to the court, he wanted to file the brief "because of the prejudice he would suffer due to the fact that these issues would be deemed waived for review before the Illinois Supreme Court, as well as waived for Federal Review in a Petition For A Writ Of Habeas Corpus." In the attached brief, Kizer raised the same issues he had raised in his post-conviction petition, including his claims of ineffective assistance and impermissible comments.

The State opposed the filing on the grounds that Kizer (through counsel) had already filed a brief, and that Kizer had no right to represent himself while he was being simultaneously represented by counsel. The Illinois Appellate Court, after noting that Kizer's attorney had already filed a brief on his behalf, summarily denied Kizer's request for leave to file his pro se supplemental brief without further explanation. The court eventually granted Kizer relief under state law as to one of his consecutive sentences, but denied any relief under *Apprendi*. In its ruling, the Illinois Appellate Court did not address the issues Kizer attempted to raise in his pro se supplemental filing.

Kizer's counsel then sought leave to appeal to the Illinois Supreme Court seeking further review of the consecutive sentences under state law and *Apprendi*. Once again, counsel did not raise any of the issues Kizer raised in his initial post-conviction petition. And, once again, Kizer took matters into his own hands by filing a pro se request to supplement the appeal with those issues. The Illinois Supreme Court summarily denied Kizer's request to supplement the appeal without explanation, and also denied the petition for leave to appeal filed by Kizer's counsel.

After the United States Supreme Court denied his petition for a writ of certiorari, Kizer filed his pro se petition for habeas review pursuant to 28 U.S.C. § 2254 in the district court. Kizer's petition asserted seven grounds for relief. Grounds 1 and 2 were issues raised by Kizer's counsel on either direct or post-conviction appeal in state court. The district court considered these issues on the merits and denied habeas relief. Grounds 3 through 7 of Kizer's petition encompassed the issues Kizer first raised in his post-conviction petition with the Illinois state court, and then unsuccessfully attempted to raise during the post-conviction appeal process through his pro se supplemental filings. These included his arguments of ineffective assistance of counsel and impermissible comments. The State argued that Grounds 3 through 7 were procedurally defaulted. The district court agreed, ruling that Kizer's attempts to file pro se supplemental briefs failed to invoke a full round of appellate process as to Grounds 3 through 7.

We issued a Certificate of Appealability, finding that Kizer had made a substantial showing of the denial of a constitutional right as to whether his counsel rendered ineffective assistance of counsel by failing to call alibi witnesses, and as to whether the prosecutor at Kizer's trial made constitutionally impermissible comments. As part of our COA, we asked the parties to consider whether Kizer had procedurally defaulted these issues.

The State has focused only on the issue of procedural default and chose not to address the merits of Kizer's underlying claims. Accordingly, the only issue we will consider is whether the district court was correct in determining that Kizer procedurally defaulted his claims of ineffective assistance of counsel and improper comments. "A district court's determination of procedural default is reviewed de novo." *Lee v. Davis*, 328 F.3d 896, 899 (7th Cir. 2003) (citing *Braun v. Powell*, 227 F.3d 908, 911-12 (7th Cir. 2000)).

We have used the term "procedural default" to refer to the two separate, but closely related circumstances where a federal court is barred from considering the merits of a petitioner's habeas claim: "(1) [when] that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state law grounds[;] or (2) [when] the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citations omitted); *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004) (citations omitted).

The State argues that Kizer's default is of the second kind–that he simply never presented his claims to the state courts.[1] The obvious problem with this argument is that Kizer, in fact, practically begged the state courts to consider his claims when he filed his pro se motions to supplement. Nevertheless, the State claims that Kizer's motions to supplement and accompanying briefs were incapable of presenting anything because of the rule that one has no

---

[1]Because the State has expressly disclaimed any reliance upon it, we do not address in this Order whether the independent and adequate state ground doctrine could support a procedural default determination.

right to "hybrid representation."  It is certainly true that there is no constitutional right to hybrid representation, which is to say that a person has no right to proceed pro se when he is simultaneously represented by a lawyer.  *United States v. Chavin*, 316 F.3d 666, 671 (7th Cir. 2002) (recognizing, "along with all the circuits that have considered the question, that there is no Sixth Amendment right to hybrid representation") (citations omitted).  But the mere recitation of this well established rule does little to advance the inquiry of whether Kizer has procedurally defaulted his claims.

The default the State relies upon is rooted in the exhaustion requirement.  *See Conner*, 375 F.3d at 648 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).  As has long been the case, *Ex parte Royall*, 117 U.S. 241 (1886), habeas relief cannot be granted unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to federal courts . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim to each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  To fairly present a claim, a brief must "present both the operative facts and the legal principles that control each claim." *Wilson v. Briley*, 243 F.3d 325, 327-28 (7th Cir. 2001) (listing four factors this circuit uses to determine whether a claim has been fairly presented); *see also Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005) (citation omitted).

With these principles in mind, we will evaluate Kizer's filings in state court.  Kizer's motions to supplement and accompanying briefs present the operative facts and controlling federal legal principles governing his claims.  These filings were made to each appropriate state court.  It also cannot seriously be contended that Kizer's pro se filings were made outside of Illinois's post-conviction appellate process, as the State's argument implies, for it was while he invoked this process (through counsel) that Kizer filed his motions to supplement.  Although the claims at issue were raised in a motion to supplement, we do not see how this fact alone renders them outside of the post-conviction appellate process, particularly where the state courts gave Kizer leave to supplement in the wake of *Apprendi*.  Finally, there is no indication, nor does the State argue, that Kizer's motions to supplement were filed improperly, too late, or otherwise so as to frustrate the efficient administration of the judicial process.  The State's sole alleged deficiency in Kizer's manner of presentation is his attempt to use hybrid representation.

But we are not swayed by the State's single-sentence conclusion that Kizer failed to present his claims to the state courts because he lacked a right to hybrid representation.  While it is not necessarily favored, there is nothing inherently improper about hybrid representation; a court may, in the exercise of its discretion, allow it.  *See, e.g., Chavin*, 316 F.3d at 671 (explaining that while there is no right to hybrid representation, the decision of whether to allow it "is a matter within the discretion of the district court") (citations omitted).  Therefore, in the normal course of post-conviction review in state court, Kizer raised issues using a method that

would allow the court, in its discretion, to consider federal claims of unconstitutionality. In our view, this qualifies as fairly presenting a claim. And our research reveals that this determination is consistent with the decision of every court of appeals to address similar circumstances. *See, e.g., Holloway v. Horn*, 355 F.3d 707, 715-16 (3d Cir. 2004) (ruling that a pro se brief, which was supplemental to the brief filed by counsel, fairly presented a claim where the state court failed to rule on the request to file and never addressed the claim in its decision on the merits); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) ("A petitioner may satisfy the exhaustion requirement by presenting his federal claim in a *pro se* supplemental brief, even if he has an attorney.") (citing *Reid v. Senkowski*, 961 F.2d 374, 376 (2d Cir. 1992))*; Clemmons v. Delo*, 124 F.3d 944, 947-48 (8th Cir. 1997) (ruling that a petitioner fairly presented his claim in a pro se supplemental petition, even though his attorney refused to include it in the opening brief and the state supreme court denied leave to file); *McBride v. Estelle*, 507 F.2d 903, 904 (5th Cir. 1974) (ruling that a petitioner's filing of a supplemental pro se brief in addition to the opening brief filed by counsel was "'presentation' . . . enough to satisfy the jurisdictional requirements of § 2254," but affirming dismissal without prejudice on other grounds) (citation omitted). Given that neither state court provided any explanation for its action and Kizer fully introduced his claims before each, proceeding with proper caution, we cannot conclude that he failed to present these claims and thus had been procedurally defaulted.

For the foregoing reasons, we reverse the district court's determination of procedural default. We now remand to allow the district court the opportunity to consider the merits of the two claims for which we issued a Certificate of Appealability.