NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0530n.06

No. 08-5373

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JUAN A. HILL,                                              )
                                                          )
    Petitioner - Appellant,                               )
                                                          )     ON APPEAL FROM THE UNITED
v.                                                        )     STATES DISTRICT COURT FOR THE
                                                          )     EASTERN DISTRICT OF TENNESSEE
HOWARD CARLTON, Warden,                                   )
                                                          )
    Respondent - Appellee.                                )
                                                          )

**Before: GILMAN and WHITE, Circuit Judges; and THAPAR, District Judge.**[*]

    **AMUL R. THAPAR, District Judge.** A state-court jury convicted Juan A. Hill of rape of

a child, and the trial court sentenced him to thirty-five years in prison. The Tennessee courts

affirmed his conviction and sentence on direct review and denied post-conviction relief. Hill then

sought a writ of habeas corpus, which the district court denied. We affirm.

I.

    On May 16, 1994, the daughter of Hill's girlfriend was raped. At that time, Hill lived with

his girlfriend and her daughter. About a month later, on June 17, 1994, Hill provided police with

a written statement, where he stated that on the night of the offense Hill was almost asleep when the

victim (seven years old at the time) climbed on top of him and began moving his penis with her

---

[*]     The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky,
sitting by designation.

vagina. According to Hill, when he woke up he pushed the victim off of him and told her to go to bed.

On June 21, 1994, Hill made an unsolicited telephone call to Sergeant Debbie Barron. Hill told Sergeant Barron that he had been under the influence of sleeping pills when he made his written statement and that the statement was not true. Instead, he told Sergeant Barron that the victim crawled on top of him and gave him a hug, but denied that she started moving on him or that he had an erection. At trial, however, Hill testified that he was out with the victim's mother on the night of May 16, 1994, and he was never alone with the victim. The jury did not buy his story and convicted him.

Thereafter, the trial court sentenced him to thirty-five years in prison, and the Tennessee Court of Criminal Appeals affirmed his conviction. The Tennessee Supreme Court denied Hill's application for permission to appeal.

On July 9, 1999, Hill filed a pro se application for state post-conviction relief and moved for appointment of counsel. After some delay, the trial court appointed Hill new counsel and granted him an evidentiary hearing on his claim that trial counsel Frederick Lance was ineffective because counsel failed to present an alibi defense. After the hearing, the trial court denied Hill's petition for post-conviction relief, finding that Hill had not shown prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

Hill, still represented by counsel, appealed the trial court ruling to the Tennessee Court of Criminal Appeals on April 15, 2005. Hill appealed only the ineffective-assistance claim regarding

his alibi and an alleged violation of the Post Conviction Procedure Act. Then, on July 26, 2005, Hill submitted a pro se supplemental brief appealing his remaining claims. The Tennessee Court of Criminal Appeals returned Hill's supplemental filing without a formal response. The court later denied Hill's petition, addressing only the two claims raised by counsel and not the pro se claims.

In November 2005, Hill filed a federal petition for habeas corpus, which raised nine claims for relief. The district court denied the petition because Hill had procedurally defaulted several claims and the remainder failed on the merits. The district court granted a certificate of appealability on three claims. We granted Hill's motion to expand the certificate to include four additional claims. He abandoned one claim in this appeal.

II.

Hill argues that his counsel provided constitutionally ineffective assistance at trial by failing adequately to investigate and present his alibi evidence. Hill claims that the Tennessee courts unreasonably applied *Strickland*, but he does not explain how they did so. Instead, Hill basically argues that he believes the Tennessee courts erred. That, however, is not the proper issue on habeas review. As the Supreme Court has made clear, post-AEDPA, federal courts are not performing *de novo* review or providing a second bite at the apple. *See Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010); 28 U.S.C. § 2254(d). Rather, we simply look at whether the state court's application of *Strickland* was "objectively unreasonable." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). It was not. Indeed, even were we performing *de novo* review, we would affirm since the Tennessee courts correctly concluded that Hill's counsel was not ineffective.

To prevail, Hill must show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. Hill fails because he cannot show that the alleged mistakes prejudiced him. *See id.* at 697 (if prejudice is absent, there is no need to examine allegations of deficient performance). The trial court conducted an evidentiary hearing on the ineffective-assistance claim. Hill testified about his potential alibi witnesses (one would have testified that "he was there that night" and two others saw Hill out at some point on the night of May 16, 1994). But none of the alibi witnesses testified at the hearing. The Tennessee Court of Criminal Appeals noted that without knowing what the alibi testimony would have been, the state court could not assess how reasonable jurors would react to it, and therefore could not find that the omission of the testimony prejudiced Hill. This comports with our federal standard of review. *See Avery v. Prelesnik*, 548 F.3d 434, 439 (6th Cir. 2008) ("To evaluate a claim of prejudice, the court must assess how reasonable jurors would react to the additional alibi testimony had it been presented."). Thus, the Tennessee Court of Criminal Appeals properly applied federal law under *Strickland*.

*Strickland* also instructs that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 696. But Hill did not submit the trial court record to the Tennessee Court of Criminal Appeals so that it could consider the strength of the evidence against him. Nor did he submit the record with his habeas petition. Because Hill failed to put forth evidence of prejudice,

4

the Tennessee Court of Criminal Appeals held that it could not find ineffective assistance. The state appellate court also noted that the verdict was well-supported by the limited trial court record before it. At trial, Hill testified that he was out with the victim's mother on May 16, 1994. But the state introduced Hill's two prior statements to law enforcement, both of which put him at home with the victim on May 16, 1994. On these grounds, the Tennessee Court of Criminal Appeals found that Hill could not show prejudice. Our own review of the trial evidence supports the trial court's finding. Although Hill testified that he was with the victim's mother at the time of the crime, she did not testify on his behalf. On cross-examination, Hill's credibility was impeached with his prior felony convictions. Reasonable jurors would have compared any alibi testimony with the other evidence against Hill.

In his appeal before us, Hill still fails to offer any explanation as to how trial counsel could have reconciled an alibi defense with Hill's own statements putting him at the scene. Furthermore, additional evidence presented at the evidentiary hearing supports the finding that an alibi defense was not reasonably likely to change the outcome of Hill's trial. As the Tennessee Court of Criminal Appeals also considered, when Hill had the opportunity at the post-conviction hearing to testify and explain his written statement, he took a pen and crossed out parts of the statement that he claimed were not his own words. The portions that Hill did not cross out still put Hill at the scene with the victim on the night that she was raped. Finally, even if Hill's alibi witnesses had testified, the testimony of Hill and his trial counsel at the post-conviction hearing suggests that Hill could not fill in all the gaps for his whereabouts on the night of the crime. For all of these reasons, the state court

did not err in its *Strickland* analysis and did not base its decision on an unreasonable determination of the facts. Its decision must therefore be upheld.

### III.

Hill appeals the district court's decision that he defaulted on two evidentiary claims by failing to present them to the Tennessee courts. In his habeas petition, Hill argues that the trial court violated his due process rights by admitting certain evidence against him: his tape-recorded prior statements and evidence of his previous convictions. Pet'r Br. at 31-34. In order to exhaust his state-court remedies under § 2254, Hill "must 'fairly present' his claim in each appropriate state-court (including a state supreme court with powers of discretionary review), thereby alerting that court to the *federal nature* of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)) (emphasis added). But before the trial court, Hill stated his evidentiary claims only as violations of the Tennessee Rules of Evidence.[1] Thus, he did not sufficiently present a federal claim for exhaustion purposes. *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) ("Merely raising an issue as a matter of state law will not satisfy the exhaustion requirement." (citing *Riggins v. McMackin*, 935 F.2d 790, 792-93 (6th Cir. 1991))).

---

[1] Hill stated his evidentiary claims on direct appeal as follows: "[h]ere the trial court's refusal to curtail the States' [sic] questioning of the appellant concerning his prior criminal conduct created a great danger of confusing the issues, was not probative of the allegations for which the appellant was being tried, and in any event was greatly outweighed by its prejudicial effect and should have been prohibited under Tennessee Rule of Evidence, 403." Brief on Direct Appeal at 5. "Appellant's use of drugs, history of being molested, and the existence of a prior criminal record are irrelevant and should have been excluded (Rule 402, Tenn. R. Evid.). . . . [B]y allowing this tape to be played, the trial court put the appellant in the position of having to confront highly prejudicial evidence which would not have come in except for limited purposes." *Id.* at 9.

We have, in the past, noted certain actions that a petitioner can take to present his federal claims to the state courts. *Pudelski v. Wilson*, 576 F.3d 595, 605-06 (6th Cir. 2009) (citing *McMeans v. Brigano*, 228 F.3d 674, 681-82 (6th Cir. 2000)). Hill could have: (1) relied upon federal or state cases employing federal constitutional analysis; (2) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (3) alleged facts well within the mainstream of constitutional law. *Id.* At the state level, Hill never referenced the Constitution, the Federal Rules of Evidence, or case law as part of his evidentiary claims. His only basis for challenging both the cross-examination and the admission of the tape-recorded conversation was that they should have been excluded under Tennessee Rule of Evidence 403 because the evidence's probative value was substantially outweighed by its prejudicial effects. The fact that the state rule parallels other federal rules does not alert the court to the federal nature of his claim. *See Baldwin*, 541 U.S. at 33-34 (petitioner's claim that he "had received 'ineffective assistance of both trial court and appellate court counsel'" did not clearly present a federal claim even though ineffective assistance can constitute a Sixth Amendment violation.). Therefore, the district court properly dismissed Hill's evidentiary claims on procedural grounds.

IV.

Hill also challenges the district court's conclusion that he procedurally defaulted three of his claims: two for ineffective assistance and one challenging the trial judge's jury instructions. A habeas petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and

independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (citations omitted).

Although Hill raised these three claims to the trial court in his post-conviction petition, he did not properly appeal their denial. Hill's counsel appealed two other claims through a timely filed brief. Hill then attempted to submit a supplemental pro se brief to the court that raised the remaining trial-court claims, including the three claims at issue here. The state court returned Hill's supplemental filing without any formal explanation; the parties do not dispute that his pro se petition was rejected. When it denied Hill's petition, the Tennessee Court of Criminal Appeals addressed only the two claims raised by counsel.

According to the respondent, Tennessee has a long-established procedural rule that a petitioner cannot simultaneously proceed with counsel and pro se. A state procedural rule precludes federal habeas corpus review when it involves a "firmly established and regularly followed" state practice. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)). Hill disputes the existence of such a Tennessee procedural rule. Pet'r Br. at 23-28. Hill also argues that a procedural rule must be established by law or through the state's rule-making procedures. *See id.* at 3-6 ("[C]ourts in Tennessee cannot by judicial fiat create procedural rules."). Despite the Tennessee rule-making procedures Hill cites, this argument fails. Judicially created rules can, and often do, procedurally bar habeas review. *See Ford*, 498 U.S. at 418 ("We granted certiorari to decide whether the rule of procedure laid down by the Supreme Court of Georgia in *Sparks* was

8

an adequate and independent state procedural ground that would bar review of petitioner's *Batson* claim." (citation omitted)); *Smith v. Texas*, 550 U.S. 297, 312-13 (2007) (considering the application of a rule created by the Texas courts as a procedural bar (citations omitted)).

Tennessee courts have consistently restricted defendants from "representing themselves while simultaneously being represented by counsel." *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001) (citations omitted). The rule that "[a]ppellant had the right either to be represented by a lawyer or to represent himself" and that "appellant cannot have it both ways" goes back to at least 1976. *Meehan v. State*, No. 01C01-9210-CR-00311, 1993 WL 207646, at *4 (Tenn. Crim. App. June 11, 1993) (citing *State v. Melson*, 638 S.W.2d 342, 359 (Tenn. 1982); *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976)). Hill contends that since the procedural rule comes from *Burkhart*, which originally applied it in the trial-court context, it does not apply to post-conviction proceedings. He further argues that even if there was such a valid procedural rule at some point, it was not clearly established in 2005. Tennessee courts, however, have consistently applied *Burkhart*'s rule to post-conviction pro se briefs[2] and to claims raised on appeal.[3] Thus, the Tennessee rule is firmly

---

[2] *See, e.g.*, *Beasley v. State*, No. W2006-01844-CCA-MR3-PC, 2007 WL 2376330, at *4 (Tenn. Crim. App. Aug. 20, 2007) (declining to address the claims presented pro se because "[i]t is well settled that a party may not proceed simultaneously through counsel and pro se."); *Combs v. State*, No. E2006-01241-CCA-R3-PC, 2007 Tenn. Crim. App. LEXIS 706, at *3 (Tenn. Crim. App. Aug. 21, 2007) ("[D]eclined to consider Petitioner's supplemental brief because Petitioner was represented by counsel and counsel filed a timely brief on Petitioner's behalf for the Court's consideration."); *Holmes v. State*, No. W2003-02712-CCA-R3PC, 2004 WL 2599637, at *4 (Tenn. Crim. App. Nov. 15, 2004) ("Although represented by counsel, the petitioner filed a *pro se* brief with this court, as well as several exhibits. However, because he continues to be represented by counsel, we will limit our analysis to the brief and argument filed by counsel."); *Bilby v. State*, No. M2003-01754-CCA-R3-CO, 2004 WL 431485, at *1 n.1 (Tenn. Crim. App. Mar. 9. 2004) ("There is no right at trial or on appeal to 'hybrid representation,' i.e., permitting both the defendant and counsel to participate in the defense"); *Drinnon v. State*, No. E2002-00998-CCA-R3-PC, 2003 WL 21099623, at *3 n.1 (Tenn. Crim. App. May 14, 2003) ("We construed

established and regularly followed in this context. The rule does not rely on federal law and exists

as an independent and adequate state ground for rejecting Hill's pro se supplemental brief—thus

satisfying both the first and third *Maupin* requirements. *See Coleman v. Thompson*, 501 U.S. 722,

730-34 (1991) (explaining that a state procedural rule is independent and adequate when it does not

have a basis in federal law).

Hill argues that the rule is discretionary and that there *have* been cases where the state has

accepted pro se briefs from parties represented by counsel. There are exceptional circumstances in

which Tennessee courts have allowed hybrid representation. *See Smith v. State*, 757 S.W.2d 14, 16

---

the petitioner's submission as a motion for permission to file a supplemental brief with supporting documents, and we denied it as such on the basis that a party may not proceed *pro se* in this court while also represented by counsel."); *Williams*, 44 S.W.3d at 469; *Jackson v. State*, No. W2001-00901-CCA-R3-PC, 2001 WL 1381273, at *2 n.1 (Tenn. Crim. App. Nov. 7, 2001) ("In addition to the brief filed by counsel, the petitioner filed a pro se brief. Because it has long been the rule that a criminal defendant may not be represented by counsel in this court and simultaneously proceed pro se, this brief was ordered to be stricken from the record." (citation omitted)); *Leath v. State,* No. 02C01-9801-CR-00032, 1999 WL 544649, at *5 (Tenn. Crim. App. July 27, 1999) ("[S]ince Petitioner is represented by appointed counsel, and was at the time of filing, his 'amended *pro se* petition' will not be considered by this Court."); *Harris v. State*, No. 03C01-9611-CR-00410, 1998 WL 191441, at *18 (Tenn. Crim. App. Apr. 23, 1998) ("The petitioner filed a pro se brief in support of his post-conviction counsel's claims. If a person is represented by counsel, however, he has no right to proceed pro se. . . . These issues are waived."); *Campbell v. State,* No. 01C01-9409-CR-00321, 1995 WL 328862, at *2 (Tenn. Crim. App. June 1, 1995) ("Initially, we note that the petitioner may not file a *pro se* amended brief when he is represented by counsel. Once counsel is either retained or appointed, the petitioner loses his right to file *pro se* pleadings."); *Meehan*, 1993 WL 207646, at *3.

[3]     *See, e.g.*, *Wallace v. State*, 121 S.W.3d 652, 655 (Tenn. 2003) (citing *Burkhart* and affirming the trial court's refusal to consider pro se motion for new trial because the defendant was still represented by counsel); *State v. Saavedra*, No. M2004-02889-CCA-R3-CD, 2006 WL 618299, at *32 (Tenn. Crim. App. Mar. 13, 2006) ("[I]t has long been our rule that a Defendant has no right to be represented by counsel in this Court and simultaneously proceed pro se"); *State v. Porter*, No. M2004-00444-CCA-R3-CD, 2005 WL 1378771, at *1 n.2 (Tenn. Crim. App. June 9, 2005) ("It has long been the rule that an Appellant may not be represented by counsel and simultaneously proceed *pro se*. The Appellant's *pro se* motion to supplement his argument is, therefore, denied." (citation omitted)).

(Tenn. Crim. App. 1988) ("It is entirely a matter of grace for a defendant to represent himself and have counsel, and such privilege should be granted by the trial court only in exceptional circumstances." (quoting *Melson*, 638 S.W.2d at 359)). Occasional exceptions, however, do not call a rule's validity into question. *See Scott v. Mitchell*, 209 F.3d 854, 869 (6th Cir. 2000) ("These cases do indicate that the Ohio Supreme Court . . . on occasion, has relaxed its enforcement of default. They do not, however, indicate that Ohio reserves so much leeway in capital cases that we are justified here in ignoring its sovereign decision founded upon its own procedural rule."); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000) (stating four examples of waiver of default by state courts not enough to overcome vast majority of cases enforcing the default (citations omitted)). Moreover, the Supreme Court recently clarified that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review. Nothing inherent in such a rule renders it inadequate for purposes of the adequate state ground doctrine." *Beard v. Kindler*, 130 S. Ct. 612, 618 (2009). Thus, even if Tennessee courts sometimes accept pro se supplemental briefs along with briefs filed by counsel, the rule still serves as a procedural bar. As the Court explained, "a discretionary rule can be 'firmly established' and 'regularly followed'—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.* (citation omitted).

Under the second *Maupin* requirement, the state court below must "clearly and expressly state[ ] that its judgment rest[ed] on a state procedural bar." *Patterson v. Haskins*, 316 F.3d 596, 604 (6th Cir. 2003) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citation and internal quotation

11

marks omitted)).  The Tennessee Court of Criminal Appeals did not state its reasons for returning

the pro se brief.  But, because the state court "is entirely silent as to its reasons for denying requested

relief, we assume that the state court would have enforced any applicable procedural bar."  *Bonilla*

*v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.

1996)).  Thus, Hill has defaulted his federal claims in state court pursuant to an independent and

adequate state procedural rule.  He does not raise a cause-and-prejudice argument to explain why we

should disregard his default.  *See Stanford*, 266 F.3d at 451 ("Where a petitioner has not fully and

fairly presented a federal claim to the state's highest court or when state courts have held that

consideration of petitioner's claim is barred due to the procedural default in state court, a federal

court ordinarily will not consider the merits of that claim unless the petitioner can show cause to

excuse his failure to present the claims appropriately in state court, and actual prejudice as a result."

(citing *Coleman*, 501 U.S. at 750; *Teague v. Lane*, 489 U.S. 288, 298-99 (1989))).

Rather than a cause-and-prejudice argument (under the fourth *Maupin* requirement), Hill

argues that this circuit and others have allowed state pro se briefs to exhaust for habeas purposes and

urges us to adopt their position.  Pet'r Br. at 18-21 (citations omitted).  These decisions, however,

are distinguishable.  Hill points to *Grizell v. Compton* as an example from this Circuit.  *Id.* at 21-22;

No. 90-5565, 1990 WL 177374 (6th Cir. Nov. 13, 1990).  Grizzell appealed his denial of post-

conviction relief both through counsel and a pro se supplemental brief, and the Tennessee Supreme

Court denied his leave to appeal on all claims.  *Grizzell*, 1990 WL 177374, at *1.  On habeas review,

the district court dismissed Grizzell's petition for failure to exhaust because the Tennessee Supreme

12

Court never *considered* issues in his supplemental brief. *Id.* We reversed because issues need only

be *presented*, and not necessarily *considered*, for exhaustion purposes—in effect holding that the pro

se claims were exhausted for habeas purposes. But we never addressed procedural default.

Procedural default is an affirmative defense that the state must raise and preserve. *Trest v. Cain*, 522

U.S. 87, 89-90 (1997) (citations omitted); *Whiting v. Burt*, 395 F.3d 602, 610 (6th Cir. 2005)

(citations omitted). It was never at issue in *Grizzell*. Similarly in *Southers v. Morgan*, although we

ruled that "[e]xhaustion is complete even if the state courts do not address an issue fairly presented

to it," the procedural default issue was never raised or addressed. *See* No. 90-6394, 1991 WL 21972,

at *2 (6th Cir. Feb. 21, 1991) (citations omitted).

Along these lines, most of the out-of-circuit cases Hill cites do not deal with a state court's

application of a procedural bar to pro se supplemental briefs; some in fact, squarely acknowledge

that no such rule exists in that jurisdiction,[4] some have a rule specifically allowing hybrid

representation,[5] while others do not address a procedural bar at all.[6] Thus they do not influence our

---

[4]     *See, e.g.*, *Kizer v. Uchtman*, 165 F. App'x 465, 468 (7th Cir. 2006) (noting that the court was "not swayed by the State's single-sentence conclusion that Kizer failed to present his claims to the state courts because he lacked a right to hybrid representation," but doing so in the absence of a procedural rule or policy).

[5]     *See, e.g.*, *Holloway v. Horn*, 355 F.3d 707, 716 (3d Cir. 2004) ("Our conclusion that Holloway exhausted the *Batson* claim by means of his pro se brief is fully supported by the Pennsylvania Supreme Court's practice, at the time of Holloway's appeal, of considering issues raised pro se even if counseled briefs were filed.").

[6]     *See Reid v. Senkowski*, 961 F.2d 374, 376 (2d Cir. 1992) (holding that "a supplemental brief, when properly submitted to the state court, puts that court on notice of the constitutional claims," although the state did not dispute that the brief was properly submitted (citation omitted)); *McBride v. Estelle*, 507 F.2d 903, 904 (5th Cir. 1975) (holding that the petitioner's pro se brief satisfied exhaustion although the state did not argue that a procedural rule against pro se briefs existed).

decision here. Significantly, in *Clemmons v. Delo*, the Eighth Circuit noted that *had* there been a clearly established procedural rule, it may have ruled differently. 124 F.3d 944, 948 n.3 (8th Cir. 1997) ("No rule of court or reported Missouri case of which we are aware specifies the circumstances under which Missouri appellate courts allow pro se briefs. A state procedural rule must be regularly adhered to if it is to be an adequate state ground supporting a procedural bar." (citations omitted)). To adopt these cases as Hill requests would be to entirely disregard the procedural rule of the Tennessee state courts.

Finally, Hill points to the Fourth Circuit's unpublished opinion in *Atkins v. Moore*, No. 97-17, 1998 WL 93409 (4th Cir. Mar. 5, 1998). In *Atkins*, the petitioner—like Hill—presented a supplemental pro se brief in addition to claims through counsel. *Id.* at \*4 n.6. The South Carolina Supreme Court denied his petition without explanation. South Carolina does not accept pro se briefs from petitioners represented by counsel. *See id*. (citations omitted). But the Fourth Circuit would not apply the procedural bar because South Carolina had not explicitly done so; it was silent when denying review. *Id.* (citing *Harris*, 489 U.S. at 262-63). This is in contrast, however, to our rule. If the state court "is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar." *Bonilla*, 370 F.3d at 497 (citation omitted). Thus, given our precedent, there is no reason to follow the Fourth Circuit approach.

The Tennessee Court of Criminal Appeals relied on a clearly established and regularly followed Tennessee procedural rule when it refused to consider Hill's pro se supplemental brief. For

these reasons, we affirm the district court's decision not to review these particular claims on their

merits.

V.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

**HELENE N. WHITE, Circuit Judge**, concurring. I write separately to note my discomfort with the result we reach in section IV. I concur in that section because Hill argues only that case law supports that he exhausted his claims by filing a *pro se* brief, and that Tennessee had no clear rule precluding a petitioner from asserting claims in a *pro se* supplemental brief while being simultaneously represented by counsel. He has made no argument based on the cause and prejudice exception and does not otherwise attack the application of the procedural default rules.

The majority correctly observes that the question whether a claim was presented to the state courts, i.e., whether it was exhausted, is distinct from the question whether the state court's rejection of the claim rests on adequate and independent state law grounds. Regarding the latter question, Hill only challenges whether Tennessee has a clear rule against hybrid representation on appeal. The cases cited in footnotes three and four, however, make abundantly clear that such a rule did in fact exist when the Tennessee courts declined to accept Hill's *pro se* submission. Lastly, *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004), does, indeed, preclude reliance on *Atkins v. Moore,* 139 F.3d 887 (4th Cir. 1998) (unpublished table opinion). Nevertheless, it is troubling that Hill is subject to a finding of procedural default when he did everything in his power to present the issues to the Tennessee courts.